The Supreme Court reversed the order of the commissioners because the brother of one of their number was the applicant for the discontinuance of the highway. The statute disqualifying judges under certain circumstances does not reach the case. It applies only to judges of courts, and the commissioners do not fall within that denomination. I do not think there is a close analogy between the cases. An act of public administration, though requiring the exercise of judgment, is quite a different thing from the dispensing of justice between man and man; and although a public officer ought not to act in a matter in which he has a private interest, the objection is not so strong where he is only connected by consanguinity with a person who has such an interest. The management of the internal affairs of towns and villages is intrusted to such of the inhabitants as may be selected by the suffrages of the other inhabitants; and many of the subjects of administration are such as affect the private interests of a large number of the people of the town. A rule which should preclude the officer from acting in all cases where a relative within the prohibited degree had an individual interest, would, I presume, be found quite inconvenient. Take the case of assessors, for instance: Under the rule contended for, no assessor could take part in the valuation of the property of any of his relatives within the ninth degree of consanguinity; and so of the auditing of town and county charges, and many other subjects. *Page 87 
The common law disqualifies one from acting as a juror in such cases, and the statute has extended the disqualification to judges of courts. To enlarge the rule still further, so as to embrace administrative officers, requires, in my opinion, an act of the legislature.
But it does not appear that Thomas Wheeler had any pecuniary interest in the question whether the road should be discontinued or not. All that is stated is, that he was an inhabitant of the town, and liable to be assessed for highway taxes. This was no doubt true of the commissioners themselves, and of all of that class of officers in the several towns. True, he applied for the order of discontinuance, as any taxpaying inhabitant might have done. All such inhabitants are recognized by the statute as having such a public interest as entitles them to promote such a proceeding. It may be said that by making the application he became a party to the proceeding, and that his position is analogous to that of a plaintiff in a suit; but I do not see that in any event the decision would charge or exempt him from the payment of any costs or expenses. There could be no judgment for or against him. Those who should oppose the order would be parties in the same sense; but I think that none of them sustain such a relation to the officers who are to pass upon the motion, as litigants sustain to the judges and juries who are to try the case. The situation of Thomas Wheeler more nearly resembles that of a complainant on the trial of an indictment. It might be good cause of challenge for favor to a juror that he was a relative of the prosecutor, but it would not ipso facto disqualify him.
Upon the whole matter, I am of the opinion that the order was not erroneous for the reason for which it was reversed by the Supreme Court.
All the judges concurring,
Judgment reversed, and proceedings of the commissioners affirmed. *Page 88